■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. SCHAEFFER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 15, 1978, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant was indicted and tried for the murder of Louis Angelos, a bartender at the Steinway Terrace Bar in Queens. Evidence which is not susceptible to doubt established that Angelos was shot once in the back of the head from point blank range, and twice more from a greater distance. He was found lying face down behind the bar, clutching a quantity of money that apparently was the bar's receipts for the evening, money he was starting to count when shot and killed. No attempt was made to steal money although a pistol which Angelos was licensed to carry was taken from his body, a theft admitted by the defendant who also admitted the shooting. The defendant's principal challenge

to his conviction stems from the refusal of the police to speak on the telephone with someone identified to them by defendant's mother as his lawyer. A subsequent confession, taken without the defendant having the benefit of counsel, was admitted in evidence against defendant at his trial. We note that the People concede error in admitting this confession, but we hold that this constitutional error was harmless as a matter of law. As a threshold consideration, we find that the evidence against the defendant, with the tainted confession excised, was overwhelmingly probative of guilt. This evidence was not limited to, but included a direct admission that defendant had shot the victim, and evidence which placed the defendant alone with the victim at the time of the shooting. We note, in fact, that the confession conceded to have been admitted improperly contained the only material which tended to exculpate defendant. The constitutional harmless error rule requires that there exist overwhelming evidence of the defendant's guilt, plus the absence of any reasonable possibility that the jury's verdict was influenced towards conviction by introduction of the tainted material *(Harrington v California,* 395 US 250; *People v Crimmins,* 36 NY2d 230). The confession was merely cumulative of the other overwhelming evidence of defendant's guilt. While the fact that evidence is cumulative does not automatically render it harmless, in this case the quality and nature of the admissible evidence are such that the confession merely augments the defendant's whereabouts and actions on the night of the crime. Our examination of the confession leads inescapably to the conclusion that there is no reasonable possibility that its admission might have contributed to defendant's conviction (see *People v Crimmins, supra,* p 237). Defendant's remaining contentions lack merit. No support exists in the record to show that an atmosphere of coercion prevailed during the time that he was subject to interrogation, and therefore, no support exists for a finding that his statements and initial waiver of counsel were anything but voluntary. While introduction of photographs of the victim may have aroused some sentiment against defendant, under the circumstances of this case, they served a proper function in corroborating other evidence in the case and in tending to disprove the defendant's version of the shooting (see *People v Pobliner,* 32 NY2d 356). Mollen, P. J., Titone, Cohalan and O'Connor, JJ., concur.